NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY RICHARDO TURNER, | No. 16-16914 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-04839-JSW |
| v. | |
| C.E. DUCART, Warden, Pelican Bay State Prison (C.D.C.R. - Agency); et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

California state prisoner, Anthony Richardo Turner, appeals pro se from the

district court's judgment dismissing for failure to file an amended complaint his 42

U.S.C. § 1983 action alleging constitutional violations.  We have jurisdiction under

28 U.S.C. § 1291.  We review for an abuse of discretion.  *Ferdik v. Bonzelet*, 963

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1258, 1260 (9th Cir. 1992). We vacate and remand.

The district court dismissed Turner's action with prejudice because Turner failed to file a timely amended complaint in compliance with its May 15, 2016 order. However, Turner submitted evidence showing that he failed to file a timely amended complaint because prison officials obstructed his access to the courts. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (setting forth elements of excusable neglect under Fed. R. Civ. P. 60(b)(1) and explaining that excusable neglect is a basis for reconsideration of a final order). We vacate and remand for the district court to consider Turner's amended complaint in the first instance. We note that to the extent the district court's October 27, 2016 order determined that Turner's amended complaint could be dismissed for failure to comply with Fed. R. Civ. P. 20(a)(2), that ruling was in error. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Turner's claim that the district court ruled on summary judgment is incorrect.

We reject as without merit Turner's contention that the district court denied

Turner due process.

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Turner's motion for appointment of counsel, set forth in his opening brief, is denied.

**VACATED and REMANDED.**

16-16914